977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Josephine FLORES, Defendant-Appellant.
 No. 92-50249.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1992.*
Decided Oct. 7, 1992.
 
 Before WIGGINS, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Flores pled guilty to conspiracy to bribe a public official in violation of 18 U.S.C. § 371, and aiding and abetting the bribery of a public official in violation of 18 U.S.C. § 201(b)(2). She appeals her sentence on the ground that the district court applied the wrong guideline. The government argues that Flores waived her right to appeal her sentence in her plea bargain. We agree and affirm.
 
 
 3
 A defendant may waive her right to appeal a sentence determined under the Guidelines. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). We review whether the defendant waived the right to appeal de novo. Id. at 479. The relevant portions of Flores' plea bargain state:
 
 
 4
 6. Defendant Flores ... understands that the Court will not be able to determine the Guidelines sentence in her case until after a pre-sentence report has been prepared by the Probation Department and after her counsel and the Government have had an opportunity to challenge the facts and findings in the report.
 
 
 5
 9. (d) the parties agree that no upward adjustments or departures under the Guidelines are applicable....
 
 
 6
 13. Defendant Flores further agrees that, although she is free to argue for whatever sentence she believes is appropriate, she will not appeal any sentence imposed at or below the U.S.S.G. range determined to apply by the Probation Department or the District Court. The government agrees it will not appeal any sentence imposed by the Court.
 
 
 7
 There was some complexity involved in deciding whether to use the base level of 10 in the bribery guideline, 2C1.1, or the accessory after the fact guideline of 28, at 2X3.1(a). The probation officer used the higher offense level in 2X1.3(a) based on a reasonable construction of the cross reference provisions in the bribery guidelines. The district court heard argument and drew the same conclusion. No upward adjustments were made, and no departures. The only adjustment was downward two levels for acceptance of responsibility.
 
 
 8
 Flores waived her right to appeal the district court's determination of which guideline to use. Her agreement waives her right to appeal her sentence from "the U.S.S.G. range determined to apply by the Probation Department or the District Court." (Emphasis added). This means that she is entitled to argue to the district court about which guideline range should be applied, but once the district court makes its decision, she has to live with it, unless the district court departs upward or applies an upward adjustment. In the context of her entire agreement, this term means that she would have no right to appeal, and would be bound by her plea, provided that the court did not depart upward and did not apply any upward adjustments. She acknowledged when she made the agreement that she could not then know what the sentence would be. She was exposed to a possible adjustment upward for "more than minimal planning." The government gave up the possibility of an upward adjustment, upward departure, and appeal of an overly lenient choice of applicable guideline. She gave up the right to appeal the choice of an overly severe applicable guideline. The agreement is unambiguous.
 
 
 9
 The District Judge remarked: "I ask counsel for the defense to please, please take it up. I think it is horrible, but I think that is part of it." When the government later argued that she had waived her right to appeal the application of the Guidelines, the district court responded, "I think she has a right to appeal that, based on that issue."
 
 
 10
 These remarks do not vitiate the effect of Flores' waiver of her right to appeal in her plea agreement. She voluntarily and formally pled guilty prior to these remarks, and she and the government took their respective benefits from the agreement after the remarks. Although the court might have had discretion to reject the plea agreement, it could not change its terms. See Fed.R.Crim.P. 11(e) (the district court does not participate in the plea agreement procedures, but instead it either accepts or rejects the plea agreement). Here, the court had previously accepted Flores' plea agreement, and had specifically drawn her attention to her waiver of her right to appeal. She had traded away her right to appeal the sentence, and the court could not give it back, while leaving the rest of the bargain in effect.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3